■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JENKINS, Appellant. [668 NYS2d 32] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered December 6, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Closure of the courtroom during the undercover officer's trial testimony was proper, since the officer's *Hinton* hearing testimony established that he still would be working on short- and long-term operations in the neighborhood where defendant was arrested, that he had made drug purchases from individuals whom he would see again on the street, that several court cases based on arrests he had made in that vicinity were pending, and that he found it necessary to protect his undercover status by, among other things, gaining access to the courthouse and the courtroom through non-public entrances (*see, People v Rash*, 238 AD2d 195, *lv denied* 90 NY2d 897). The court was not obligated to consider alternatives to closure *sua sponte* (*People v Ayala*, 90 NY2d 490, 505, *cert denied* — US —, 118 S Ct 574).

Defendant has failed to pursue his claim that he was denied effective assistance of trial counsel by way of a CPL 440.10 motion, wherein counsel would have had the opportunity to explain his strategy. The existing record indicates that defendant received effective assistance (*People v Baldi*, 54 NY2d 137).

We perceive no abuse of discretion in sentencing.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find each of them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.